DETERMINED IN

# THE SUPREME COURT

OF THE

## STATE OF CALIFORNIA.

[No. 7,788.   In Bank.—October 1, 1884.]

IN THE MATTER OF · THE APPLICATION OF RU-
DOLPH CARRILLO FOR A WRIT OF PROHIBITION.   WIL-
LIAM P. VEUVE, APPELLANT.

JURISDICTION—JUSTICES' COURT OF SAN JOSE.—Until the organization of a Po-
lice Court for the city of San Jose, under the act of April 1st, 1880, relative
to Courts of Justice, the Justices' Court of the city, organized under the
Charter of 1874, has jurisdiction of actions for public offences enumer-
ated in Section 115 of the Code of Civil Procedure, charged to have been
committed within the corporate limits of the city.

APPEAL from an order of the Superior Court of the county
of Santa Clara, granting a writ of prohibition.

The petitioner had been arrested for a misdemeanor alleged to
have been committed within the limits of the city of San Jose.
The respondent, a justice of the peace, was about to proceed
with the trial.   The writ of prohibition was asked, upon the
ground that the justice had no jurisdiction of the action.
The further facts appear in the opinion of the court.

*D. W. Herrington,* for Appellant.

*S. J. Hinds* and *Wm. L. Gill*, for Respondent.

McKee, J.—The question arising out of the record in this case is, Whether the justices' court of the city of San Jose has jurisdiction to try and determine a criminal action for one of the public offenses enumerated in section 115 of the Code of Civil Procedure, charged to have been committed within the corporate limits of said city?

By sections 1, article vi, and 5, article xi, of the Constitution of 1879, it was ordained as follows:

The judicial power of the State shall be vested in the Senate, sitting as a court of impeachment, in a Supreme Court, Superior Courts, Justices of the Peace, and such inferior courts as the legislature may establish in any incorporated city, or town, or city and county.

" The legislature, by general and uniform laws, shall provide for the election or appointment in the several counties * * * and such other county, township and municipal officers as public convenience may require, and shall prescribe their duties and fix their terms of office."

By a general law relative to courts of justice, and various officers connected therewith, passed April 1st, 1880 (Stats. 1880, p. 63), the legislature, in carrying out the commands of the Constitution, provided for the establishment and organization of justices' courts in incorporated cities and towns, and in townships within the several counties of the State, and for the establishment of a police court in each of the incorporated cities and counties, cities, and towns of the State, and prescribed the jurisdiction and powers of said Courts. (Articles ii and iii, chapter v and chapter vi, Stats. 1880.) The judicial power of every city was vested in a police court (§ 121, C. C. P., Sec. 4355 Pol. C.), for which a police judge was to be elected, to hold office for a term to be fixed by the common council (§ 4370, Pol. C.). And there was granted to the court exclusive jurisdiction, within the corporate limits of the city, of the subject-matter enumerated in sections 4426, 4427, *supra.*

At the time of the passage of this general law, and of the adoption of the constitution under which it was framed, the city

of San Jose was administering its local affairs under a charter
which had been granted to her in the year 1874. (Stats. 1873–
4, p. 395.) The Constitution declared that "cities or towns
heretofore or hereafter organized, and all charters thereof framed
or adopted by authority of this constitution, shall be subject to
and controlled by general laws." (Sec. 6, art. xi, Const.) The
city itself and the charter of the city were therefore subject to
the jurisdiction of the general law of 1880, by which a police
court was established for the city; but so far as appears by
the record before us, or otherwise, no police judge has been
elected for the city, and no police court has been organized un-
der the law.

That being the case, the charter of the city as to the judicial
power of the city remained in full force, (*Desmond* v. *Dunn*, 55
Cal. 242; *Wood* v. *Board of Election Commissioners*, 58 Cal.
561), and by the provisions of the charter there was established
a police court for the city. Sections 48 and 49 of the charter
declare :

"The judicial powers of the city are vested in a municipal
court, the presiding officer of which is styled a police justice."
But the charter contains no provision for the election or appoint-
ment of such an officer. It, however, declares justices of the
peace of San Jose township and the mayor of the city compe-
tent to discharge all the duties of the office, and to hold a po-
lice justices' court. (Sections 48, 49, *supra*.) The mayor of
the city is, therefore, by the charter, *ex-officio* police justice, and
authorized to hold a police court for the city: for "the term
'police court,' as used in the Penal Code, includes police
judges' courts, police courts, and all courts held by mayors or
recorders, in incorporated cities or towns." (Section 1461
Penal Code.)

But the police court of the city of San Jose is not the po-
lice court established by the legislature, by the general law of
1880, which provided for the organization of a police court in
every incorporated city by the election of a police judge; and
gave to it, within the boundaries of the city in which it was es-
tablished, exclusive authority of the subject-matters of its juris-
diction. The legislature, in the exercise of its discretion, might
have made the mayors of incorporated cities *ex-officio* judges,

but it did not. The police court of San Jose is, therefore, a charter, not a statutory court, and the mayor of the city as an *ex-officio* police justice, is a charter judicial officer, with such judicial powers as the charter confers. These are : Such jurisdiction and authority as are conferred by law upon justices of the peace in all criminal matters, where the crime may have been committed within the corporate limits of said city, and for all violations of city ordinances. (Section 49, *supra.*)

But the jurisdiction of justices' courts over criminal matters is not exclusive. The charter declares that justices of the peace for San Jose township are competent to discharge all the duties of police justice for the city. The jurisdiction of the two courts is, therefore, under the charter, concurrent. Whence it follows that the appellant as a city justice of the peace had authority to try and determine the criminal action commenced in his court, and the judgment prohibiting him from exercising his jurisdiction is erroneous.

Judgment reversed and cause remanded.

MYRICK, J., SHARPSTEIN, J., MORRISON, C. J., and THORN-TON, J., concurred.