[No. 11864.   Department Two. — October 29, 1887.]

## CITY OF STOCKTON, RESPONDENT, v. WESTERN FIRE AND MARINE INSURANCE COMPANY ET AL., APPELLANTS.

TAXATION — COLLECTION OF DELINQUENT TAXES — FORM OF COMPLAINT. — The legislature had power, prior to the adoption of the constitution of 1879, to prescribe the form of the complaint to be used in an action for the collection of delinquent city taxes authorized to be levied and assessed under the charter of the city.

ID. — CITY CHARTER — SPECIAL LAWS — CONSTITUTIONAL LAW. — Section 21 of the charter of the city of Stockton, approved March 27, 1872, prescribing a general form of complaint to be used in all actions for the collection of city taxes authorized to be assessed and levied under that charter, is not obnoxious to anything contained in section 6, article 11, of the constitution of 1879, and is still in force.

ID. — TIME OF ASSESSMENT — MORTGAGE — TAX. — Sections 15 and 17 of the charter, authorizing the city council to annually assess, levy, and collect taxes upon all taxable property within the city, and requiring the city assessor to prepare a list of such property between the first day of January and the first Monday of April of each year, were not repealed by section 8 of article 13 of the constitution of 1879, providing that the legislature shall by law require each tax-payer to annually make and deliver to the county assessor a statement of the property owned by him, or in his possession, or under his control, at 12 o'clock M. on the first Monday in March; and an assessment of a mortgage made in conformity with such provisions of the charter is not invalid, although the mortgage was not executed until after the first Monday in March.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion.

*D. S. Terry*, and *J. C. Campbell*, for Appellants.

*Frank H. Smith*, for Respondents.

FOOTE, C. — This is an action instituted by the city of Stockton to recover certain delinquent taxes which had been assessed upon a mortgage for thirty-five thousand dollars, executed by the Masonic Hall Association of said city to the Western Fire and Marine Insurance

Company, on the thirteenth day of March, 1884, upon certain real estate and improvements.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrers were overruled, and the defendants failing to answer, judgment passed for the plaintiff, from which this appeal is taken.

The technical objections urged as to the form of the complaint are, it seems to us, not well founded. It is competent for the legislature, in such special action as this, to prescribe the form of complaint to be used. (*Richardson* v. *Tobin*, 45 Cal. 34; *Sullivan* v. *Mier*, 67 Cal. 265.)

The form of the complaint filed in this action is that prescribed in section 21 of the charter of the city of Stockton, which was approved on the 27th of March, 1872. It was a general form, to be used in all cases for the collection of city taxes, authorized to be assessed and levied under that charter. There is nothing in the record or in the acts of the legislature to show that prior to the adoption of the constitution of 1879 that section was modified or repealed. There is no general law passed since that time which so affects it.

There is nothing before us which indicates that the city of Stockton, as a corporation, ever reorganized under the act of 1883. (Acts of 1883, p. 235.)

It must be true, therefore, that as a matter of law, the form of the complaint is not obnoxious to anything contained in section 6, article 11, of the constitution of 1879. (*Thomason* v. *Ashworth*, ante, p. 73.)

But the further point is made that the complaint makes it patent that the tax was illegally assessed, because it was done after the first Monday in March of the year 1884.

In support of this contention, section 8, article 13, of the constitution, is cited. It provides that,—

" The legislature shall by law require each tax-payer

in this state to make and deliver to the county assessor, annually, a statement under oath, setting forth specifically all the real and personal property owned by such tax-payer, or in his possession, or under his control, at 12 o'clock meridian on the first Monday of March."

It is true that the complaint shows the mortgage was not executed until the 13th of March, 1884, and therefore it could not have been assessed for taxation on the first Monday in March of that year. But it does not follow from this that the assessment was invalid.

The charter of 1872 provides, among other things, as follows:—

" Sec. 15. The city council shall have full power and authority to assess, levy, and collect annually taxes upon all the property within the city taxable for state purposes, not exceeding one per cent upon the assessed value thereof, which shall be paid into the general fund for current expenses.

" Sec. 17. It shall be the duty of the city assessor to prepare, between the first day of January and the first Monday in April of each year, and present to the city council, with his certificate of its correctness, a list of all the real and personal property within the city taxable for state and county purposes, with a true valuation thereof."

The assessment in controversy was made under the authority given by the sections of the charter of the city of Stockton, *supra,* which existed prior to the adoption of section 8, article 13, of the constitution.

This court, in discussing the character of charters such as the one under consideration, said, in *Desmond* v. *Dunn,* 55 Cal. 246–248: "All such charters must remain in force until superseded or changed in the mode prescribed by the constitution. In the absence of any positive provision to the contrary, this is necessarily implied."; and this particular rule thus laid down has not been overruled. In *Thomason* v. *Ashworth, ante,* p. 73, the latest declaration upon the matter, this language occurs:—

"It is argued that according to the views herein expressed, a city may have its charter changed without its consent. This is a proper deduction from the ruling herein, but this cannot be done by a special or local law applicable alone to a particular charter. The result can only be reached by a general law affecting all corporations, or may be all of a class."

We do not mean to imply that the legislature, even by a general law, can substitute an entirely new charter for an old one without the consent of the people of the locality. To that extent we understand the decision in *Desmond* v. *Dunn, supra,* to be the law.

It would seem, therefore, under section 6 of article 11 of the constitution, that the sections of the charter heretofore quoted are continued in force.

And section 8 of article 13 of the constitution, having reference to prospective assessments for taxation, does not affect the sections of the charter, *supra,* because they were in force prior to its adoption, and are continued in force by section 6 of article 11 of the constitution, until modified or repealed by some general law enacted with reference to "all corporations, or may be those of a class."

There is nothing in the complaint which makes it evident that the money assessed for taxation was not within the limits of the city of Stockton on the first Monday of March, 1884, and there being no answer filed in the cause, there is nothing in the record which shows that any double taxation was in fact levied.

The judgment should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.