HUNTINGTON v. CITY OF NEVADA et al.

(Circuit Court, N. D. California. June 17, 1896.)

MUNICIPAL CORPORATIONS—CONTROL BY LEGISLATURE—CALIFORNIA CONSTITUTION.

The legislature of California is not restrained by section 6 of article 11 of the constitution of that state, adopted in 1879, from exercising control, by general laws, over municipal corporations, created prior to its adoption, but only from passing special laws affecting such corporations.

F. T. Nilon and Wilson & Wilson, for complainant.
Alfred D. Mason and J. M. Walling, for respondents.

McKENNA, Circuit Judge (orally). This is a suit to restrain the issuance of bonds under an ordinance of the city of Nevada, which is claimed to be illegal. The ordinance was passed to provide for the erection and maintenance of waterworks, the ordinary expenditures of the city authorized by its charter not being sufficient for that purpose. The city of Nevada was incorporated prior to the adoption of the "New Constitution," so called. The ordinance complained of was passed under an act of the legislature of this state, with reference to which the following language is contained in the bill:

"And your oratrix further alleges and shows that in passing said Ordinances Nos. 127 and 128, respectively, and in calling such special election hereinbefore referred to, and in causing said notice to bond buyers to be so printed, published, advertised, and circulated, the said city of Nevada and said board of city trustees of said city of Nevada did assume to act under and by virtue of the act of the legislature of the state of California, entitled 'An act authorizing the incurring of indebtedness by cities, towns, and municipal corporations, incorporated under the laws of this state; for the construction of water works, sewers, and all necessary public improvements, or for any purpose whatever, and to repeal the act approved March 9, 1885, entitled "An act to authorize municipal corporations of the fifth class, containing more than three thousand and less than ten thousand inhabitants, to obtain water works;" also to repeal an act approved March 15, 1887, entitled "An act authorizing the incurring of indebtedness by cities, towns, and municipal corporations, incorporated under the laws of this state," '—approved March 19, 1889; and also under and by virtue of an act supplemental to said act approved March 19, 1889, and entitled 'An act to amend section five of an act approved March 19, 1889, entitled "An act authorizing the incurring of indebtedness by cities, towns," ' " etc.

It is urged by complainant that these acts are not applicable to cities or towns incorporated before the adoption of the new constitution. The provision of the constitution relied on is section 6, art. 11, which is as follows:

"Corporations for municipal purposes shall not be created by special laws; but the legislature, by general laws, shall provide for the incorporation, organization, and classification, in proportion to population, of cities and towns, which laws may be altered, amended, or repealed. Cities and towns heretofore organized or incorporated may become organized under such general laws whenever a majority of the electors voting at a general election shall so determine, and shall organize in conformity therewith; and cities and towns heretofore or hereafter organized, and all charters thereof framed or adopted by authority of this constitution, shall be subject to and controlled by general laws."

Desmond v. Dunn, 55 Cal. 245, is cited to sustain the complainant's contention, and the case appears to justify this. But almost immediately the court began to modify that case. This appears in Barton v. Kalloch, 56 Cal. 104, and more distinctly in Wood v. Com'rs, 58 Cal. 569. After a preliminary explanation, which may be omitted, the court said:

"Yet the city and county of San Francisco remains a subdivision of the state, and is not entirely free from legislative control; for in the same section of the constitution in which the then existing city and town organizations are recognized, and the continuance of their existing charters permitted, it is declared that 'cities and towns heretofore * * * organized * * * shall be subject to and controlled by general laws.'"

A case preceding that is the case of Earle v. Supervisors, 55 Cal. 489. The case of Desmond v. Dunn was not passed on there. The case turns on the effect of special laws. In Donahue v. Graham, 61 Cal. 276, Mr. Justice McKinstry, in a dissenting opinion, held that Desmond v. Dunn decided that the consolidation act was continued in existence as an entirety. The majority of the court, however, did not pass on Desmond v. Dunn. It held certain provisions of the constitution to be self-operative, and, as the street law of San Francisco was inconsistent with it, it was held to be repealed, following McDonald v. Patterson, 54 Cal. 245. The case of Staude v. Com'rs, 61 Cal. 320, explains Desmond v. Dunn, and interprets the constitution to mean that it is only in the "incorporation, organization, and classification of cities and towns incorporated prior to the new constitution. which are preserved"; that in all else cities and towns are subject to the control of the legislature by general laws. The case of In re Carrillo, 66 Cal. 5, 4 Pac. 695, is to the same effect as the case of Staude v. Com'rs. In re Guerrero, 69 Cal. 89, 10 Pac. 261, is not in conflict with In re Carrillo or Staude v. Com'rs, but confirms them. The question in the case was the power of the city of Los Angeles to license certain employments. It was held doubtful under the charter, but confirmed by the new constitution. The court said, at page 92, 69 Cal., page 261, 10 Pac., that the legislature has no power, after the adoption of the new constitution, by special legislation. but intimates that it has by general laws. I wish to say in passing that I am only making a running comment on the decisions, and not attempting a complete review of them; only instancing their point. In Thomason v. Ashworth, 73 Cal. 73, 14 Pac. 615, there is a clear interpretation of the constitution. It is there interpreted to mean that the limitation on the power of the legislature over corporations (except as to organization, etc., which may be beyond control) formed prior to it (the constitution) is only by special laws. It cannot be done under special laws, but must be done under general laws. In other words, the legislature may exercise (except as above stated) control by general laws. The court in that case said:

"It is argued that, according to the views herein expressed, a city may have its charter totally changed without its consent. This is a proper deduction from the ruling herein, but this cannot be done by a special or local law, applicable alone to a particular charter. The result can only be reached

by a general law affecting all municipal corporations, or may be all of a class. * * *"

In City of Stockton v. Western Fire & Marine Ins. Co., 73 Cal. 624, 15 Pac. 314, there seems to be a modification also of Desmond v. Dunn in part. The court in that case say:

"We do not mean to imply that the legislature, even by a general law, can substitute an entirely new charter for an old one, without the consent of the people of the locality. To that extent we understand the decision in Desmond v. Dunn, supra, to be the law."

In passing, this may be said to be an inconsistency, because, if a charter can be amended by general laws, what is the limit of change? We are not now concerned with this apparent or real inconsistency. The case of People v. Henshaw, 76 Cal. 437, 18 Pac. 413, affirms the power over corporations formed prior to the constitution by the legislature by general laws.

There are some other objections to the legality of the ordinances and the issue of the bonds, which I think are not well taken. Upon these views it follows that the demurrer must be sustained. As I have said, this is a somewhat crude review of the cases, because I have not had the time to put it in proper shape, but the essence of the cases has been properly given.

Let an order be entered sustaining the demurrer and granting the complainant 10 days within which to amend the bill.