114  559
123  308

[S. F. No. 413.   Department Two.—October 20, 1896.]

## THE PEOPLE EX REL. CHARLES S. YOUNG, APPELLANT, v. MADISON BABCOCK, RESPONDENT.

SAN FRANCISCO—SUPERINTENDENT OF SCHOOLS—POWER TO FILL VACANCY —CONSOLIDATION ACT—COUNTY GOVERNMENT ACT.—Under the Consolidation Act of the City and County of San Francisco, the power to fill a vacancy in the office of superintendent of schools is vested in the board of education; and the provision of the County Government Act giving such power to the boards of supervisors applies to such boards in the several counties of the state, other than the city and county of San Francisco, which is governed by the Consolidation Act as to the power to fill vacancies in office.

ID.—MUNICIPAL DISTINGUISHED FROM COUNTY SUPERVISORS.—The supervisors of San Francisco, authorized by the Consolidation Act, are municipal and not county officers, and are endowed with municipal functions, unknown to the County Government Act, and are separate and distinct from the county boards of supervisors established by the latter act.

ID.—REPEAL BY IMPLICATION NOT FAVORED.—The law does not favor the repeal of statutes by implication; and the legislative will will not be implied to repeal the clause in the Consolidation Act which devolves the duty of filling vacancies in the office of superintendent of schools in San Francisco upon the board of education, by reason of the provision of the County Government Act giving to county boards of supervisors the power to fill vacancies in county offices generally.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. JAMES M. TROUTT, Judge.

The facts are stated in the opinion.

*W. F. Fitzgerald*, Attorney General, *Morris M. Estee, C. W. Cross*, and *James Alva Watt*, for Appellant.

*Rodgers & Paterson*, and *Robert Ash*, for Respondent.

SEARLS, C.—This is an appeal from a final judgment in favor of defendant upon sustaining a demurrer to the complaint of the relator. The complaint may be epitomized thus: 1. Andrew J. Moulder, the duly elected, qualified, and acting superintendent of schools for the city and county of San Francisco, died on the fourteenth day of October, 1895, whereby the office of such super-

intendent of schools became vacant; 2. On the fourth day of November, 1895, the plaintiff, Charles S. Young, was, by the board of supervisors of said city and county of San Francisco, appointed superintendent of schools in and for said city and county, to fill the vacancy caused by the death of said Moulder.

3. Said Charles S. Young thereupon and in due time qualified, took and filed his oath of office, filed his bond, as required by law, etc., as such superintendent.

4. The defendant, Madison Babcock, claims to be the superintendent of schools in and for said city and county, and since November 4, 1895, has usurped and intruded himself into said office, to the exclusion of said Charles S. Young, who, on the twenty-first day of November, 1895, demanded to be let into possession of said office, which was refused by defendant, Babcock, etc.

Plaintiff demands judgment: 1. That defendant, Madison Babcock, is not entitled to the said office, and that he be excluded therefrom; 2. That Charles S. Young is entitled to said office, and that he be admitted to the possession and enjoyment thereof, etc.

The single question presented on this appeal is as to the authority of the board of supervisors of the city and county of San Francisco to appoint a superintendent of schools of said city and county, to fill the vacancy caused by the death of Andrew J. Moulder.

The act of April 19, 1856, usually known as the Consolidation Act, provided for the election in the city and county of San Francisco of a board of supervisors consisting of twelve members; of a board of education consisting of twelve members, and, among other officers, of a superintendent of common schools.

By the thirty-first section of the act it was provided: "In case of a vacancy in the office of superintendent, the board of education may assemble and appoint a person to fill the vacancy until the regular election next following."

Section 9 of the act authorized the board of supervisors of the city and county to fill vacancies which might oc-

cur in the elective offices of the city and county where no other provision was made by law to fill the same.

This last provision had no application to vacancies in the office of superintendent of schools, for the reason that other provision was made therefor.

In 1863 an act was passed amending the law in reference to the board of education of the city and county of San Francisco, but retaining the provision for filling vacancies in the office of superintendent by the board of education.

The power thus conferred upon the board of education by the Consolidation Act, and the amendments thereto, which constitute the charter of the city and county, is still vested in that body, unless wrested from it by the act of March 14, 1883, entitled, "An act to establish a uniform system of county and township governments" (Stats. 1883, p. 299), or by the several county government acts since passed. Have they repealed the law as it existed under the Consolidation Act?

Section 1 of article XI, of the constitution of 1879, provides that "The several counties as they now exist are hereby recognized as legal subdivisions of this state."

Section 4 of the same article provides that: "The legislature shall establish a system of county governments, which shall be uniform throughout the state, and by general laws shall provide," etc.

Section 5 of the article provides that: "The legislature, by general and uniform laws, shall provide for the election or appointment, in the several counties, of boards of supervisors, sheriffs, county clerks, district attorneys, and such other county, township, and municipal officers as public convenience may require, and shall prescribe their duties and fix their terms of office."

Section 3 of article IX is as follows: "A superintendent of schools for each county shall be elected by the qualified electors thereof at each gubernatorial election, provided that the legislature may authorize two or more

counties to unite and elect one superintendent for the counties so uniting."

This section of the constitution, as will be observed, makes the superintendent of schools a county officer.

Under the "Consolidation Act," and the various amendments thereto, there existed, as we have seen, prior to the adoption of our codes, in the city and county of San Francisco a superintendent of schools.

Section 19 of the Political Code retained in force: "1. All acts incorporating or chartering municipal corporations, and acts amending or supplementing such acts; 2. All acts consolidating cities and counties, and acts amending or supplementing such acts."

The statute of March 14, 1883, entitled "An Act to establish a Uniform System of County and Township Governments" (Stats. 1883, p. 299), enumerates in section 57 the officers of counties, among which is "a superintendent of schools."

Subdivision 21 of section .25, of the same act, provides that the boards of supervisors in their several counties shall have power "to fill by appointment all vacancies that may occur in any office filled by the appointment of the board of supervisors and elective county or township offices, except in those of judge of the superior court and supervisor. The appointee to hold office for the unexpired term."

The question of the status, powers, duties, and duration of the terms of office of the several officers of the city and county of San Francisco has recently, and in the case of *Julius Kahn, Appellant* v. *Adolph Sutro et al., Respondents, ante,* p. 562, been considered and determined by this court. The conclusions in that case reached may be in part summarized thus: 1. San Francisco is both a city and a county; 2. Some of its officers are city officers and others are county officers; 3. The supervisors, twelve in number, authorized by the Consolidation Act, are endowed with municipal functions unknown to the County Government Act, and, while identical in name with the body authorized by the latter act, are yet sep-

arate and distinct from the supervisors or board of supervisors of such latter act; 4. Justice Temple, who filed a dissenting opinion in the case, and Chief Justice Beatty, who concurred therein, are of opinion that all the officers of the city and county of San Francisco are municipal officers, and that none of them are governed as to the duration of their term of office by the County Government Act of 1893.

It will thus be perceived that so far as the supervisors are concerned, the members of the court are a unit in the opinion that they are municipal officers, and not *county officers* within the purview of the County Government Act.

It must follow that the supervisors of the city and county of San Francisco are charter and not legislative officers. (See *In re Carrillo*, 66 Cal. 3.)

The Consolidation Act was not repealed by the constitution of 1879. (Const., art. XXII, sec. 1; *In re Stuart*, 53 Cal. 746; *Wood* v. *Board of Election Commrs.*, 58 Cal. 561; *In re Guerrero*, 69 Cal. 88.)

Consolidated city and county governments are subject to the control of general laws. (*Ex parte Keeney*, 84 Cal. 304; *Thomason* v. *Ashworth*, 73 Cal. 73.)

The question involved here, however, does not relate to the power of the legislature to amend the Consolidation Act by providing a different mode of filling vacancies in the office of superintendent of schools from that designated in such Consolidation Act, but rather to that other question, has the legislature done so? We think this question must be answered in the negative.

When the legislature, by section 25 of the County Government Act (as amended in 1893), established the general permanent powers of the board of supervisors, "under such limitations and restrictions as are prescribed by law," it was dealing with boards of supervisors created by the same statute. Section 13 is as follows: "Each county must have a board of supervisors consisting of five members."

It is to this board of county officers and not to that

other board of municipal officers composed of twelve members existing in San Francisco under the same name but exercising other and more extended functions, that we may suppose the power is given by subdivision 21 of section 25 of the same act "to fill by appointment all vacancies that may occur in any office filled by the appointment of the board of supervisors, and elective county or township officers, except in those of judge of the superior court and supervisor, the appointee to hold office for the unexpired term."

The law does not favor the repeal of statutes by implication, and it is only by means of implication that we can reach the conclusion that it was the legislative will to repeal the clause in the Consolidation Act which devolves the duty of filling vacancies in the office of superintendent of schools in San Francisco upon the board of education.

The County Government Act of 1883, with its several amendments, is a general law, but it is not a general law relating to municipal corporations, and hence cannot, by implication, repeal the Consolidation Act of the city and county of San Francisco.

In the general County Government Act the legislature has kept steadily in view those entities known as counties, and, while some of the provisions of the act relate to the city and county of San Francisco, it is in its aspect as a county that it is dealt with. The duties and compensation of its officers as county officers are legitimate subjects of legislation under such County Government Act. But the attempt to apply this law to the board of supervisors of the city and county—to a municipal body unknown to the law except as found in the Consolidation Act—is to wrest it from its legitimate object, and by indirection to amend and alter that act by taking from the board of education a power vested in that board and conferring it upon another body created and existing by virtue of the Consolidation Act, viz., the board of supervisors in and for the city and county.

To repeat, such an interpretation leads to an amend-

ment of the charter of the municipality, not by a general law with that declared object, but by a law passed with another object in view, and defining the powers and duties of boards of supervisors not identical in their origin, in the number of their members, in the duration of their terms of office, or in the source or extent of their powers, with the board of supervisors in and for the city and county of San Francisco.

We are of opinion that the power to fill vacancies, given to boards of supervisors by the County Government Act, applies to the boards of supervisors in and for the several counties of the state other than the city and county of San Francisco, and that, as to the latter, the power to fill vacancies in office comes from the Consolidation Act and does not include vacancies in the office of superintendent of public schools, which are to be filled by the board of education.

It follows that the judgment appealed from should be affirmed, and we so recommend.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

McFARLAND, J., HENSHAW, J.

TEMPLE, J., concurred in the judgment.

Hearing in Bank denied.