[S. F. No. 979.    Department Two.—January 19, 1899.]

THE PEOPLE ex rel. REGINALD H. WEBSTER, Respondent, v. MADISON BABCOCK, Appellant.

123  307
6132 338

Superintendent of Schools of San Francisco — Vacancy — Appointment — "Regular Election" — Construction of Consolidation Act.—Under section 14 of the consolidation act of the city and county of San Francisco, an appointment of a superintendent of schools by the board of education to fill a vacancy in that office only continues the appointee in office until the next ensuing general election, when the office must be filled by the election of the people. The term "regular election," used in that section, is not to be construed as importing the next election at which superintendents of schools in counties are regularly to be elected, but is synonymous with "general election."

Id.—Context of Words—Purpose and Object of Statute.—The construction of any particular statute in which the words "regular election" are used, can be determined only by considering the context in which the words are found, the purpose of the statute, and the object which it was designed to accomplish.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Rodgers & Paterson, for Appellant.

Garber & Garber, for Respondent.

HENSHAW, J.—On the fourteenth day of October, 1895, the office of superintendent of schools of the city and county of San Francisco became vacant by the death of the incumbent, who, on November 6, 1894, had been elected to fill the office for a term of four years, commencing upon the first Monday in January, 1895.    On the twenty-fourth day of October, 1895, the

board of education of the city and county of San Francisco appointed Madison Babcock, appellant herein, to fill the vacancy "until the regular election then next following." On November 3, 1896, there was held throughout the state of California a general election, and at the same time and in conjunction with this general election there was held a municipal election in and for the city and county of San Francisco. The proclamation for this election included in the list of officers to be voted for thereat one superintendent of schools for an unexpired term. Upon the ballots cast at that election appeared the names of candidates for this office, and one of them, the relator, Reginald H. Webster, was by the board of election commissioners duly declared to be elected to the office of superintendent of schools of the city and county of San Francisco. A certificate of election was issued to him, he qualified in all respects as required by law, made formal demand upon the appellant for possession of the office, and upon refusal of the demand, with leave of the attorney general, instituted this action to determine the right to the office.

Section 14 of the consolidation act of the city and county of San Francisco thus declares: "In case of a vacancy in the office of superintendent, the board of education may appoint a person to fill the vacancy until the regular election then next following, when the office shall be filled by election of the people." (Stats. 1863, p. 605.) The constitution declares, article IX, section 3, "That the superintendent of schools for each county shall be elected at each gubernatorial election." Section 14 of the consolidation act, above quoted, contains the law governing the method of filling vacancies in this office. (*People ex rel. Young v. Babcock*, 114 Cal. 559.)

The determination of this appeal turns upon the construction to be given to this section. By appellant it is contended that the "regular election then next following" means the next election at which officers of this class, to wit, superintendent of schools in counties are to be elected; that the final clause, "when the office shall be filled by election of the people," is adjectival and descriptive in character; or, to paraphrase the section and give it the meaning for which appellant contends, it is that the person appointed by the board to fill the vacancy shall hold office until

the coming of that election at which the office is to be regularly filled by election of the people.    Since under the constitution the superintendant is regularly elected at each gubernatorial elec-. tion for the term of four years, this construction practically is equivalent to saying that the person so appointed shall hold office for the unexpired term.  Upon the part of respondent it is argued that the phrase "regular election," as here used, has no such meaning as that imputed to it by appellant; that the word "regular" is employed in the sense of general, as contradistinguished from a called or special, election; that the election at which relator was elected was such a general election, both for the state and for the municipality.

In support of his position appellant relies with much confidence upon the case of *People v. Budd,* 114 Cal. 168.  In that case the office of lieutenant governor having become vacant by the death of the incumbent, this court was called upon to construe the language of section 8, article V, of the constitution relative to the filling of the vacancy.    It was decided that the phrase "the next election by the people," as employed in the constitution, did not mean the next general election, or the next election held by the people, but that the section, taken as a whole, simply provided for the filling of vacancies by appointment; that the appointee held until the office was filled in the manner provided by law, and that the section itself did not provide the manner nor contain any provision for the holding of such an election; therefore, and under all these facts, it was determined that the appointee held until the next election at which a lieutenant governor was to be regularly elected, or, in other words, until the next gubernatorial election.  But in this case, as in all such cases, no set rule can be formulated for the construing of the provisions of similar statutes.    Cases may be instanced, and indeed some are cited in *People v. Budd, supra,* where the phrase "regular election" has been construed to mean the next election at which officers of the particular class are regularly to be elected, but no such inflexible definition can be given to the word "regular," as will hereafter clearly appear.    In the case of any particular statute the construction can be determined only by considering the context in which the word is found, the purpose of the statute and the object which it was designed to

accomplish.   The next regular election may mean the next election at which officers are to be regularly elected, or "regular" may be used merely to exclude special elections, or it may be used synonymously or interchangeably with the word "general." Thus, in *State v. Conrades*, 45 Mo. 47, the act under consideration provided: "If any officer in St. Louis county named in the act of which this is amendatory shall hereafter vacate his office by death, resignation, or otherwise, except by expiration of his term of office, it shall be the duty of the governor of the state to appoint until the next regular election a suitable person to perform the duties of the office."   The act of which this was amendatory declared that: "If any county judge shall vacate his office by death, resignation, or otherwise . . . . it shall be the duty of the governor of the state to appoint for the remainder of the term for which such officer was elected or appointed a suitable person to perform the duties of such office."   Construing these acts the court say: "By the act of 1859 the governor was invested with full power to appoint, whenever a vacancy occurred, for the remainder of the term. The act of 1864 was a limitation on this power of appointment, and abridged its exercise to the next regular election. It is insisted that in passing this law the legislature meant that the executive appointee should continue to hold his office till the next regular election of county judges, and that the act had exclusive reference to that election.   But this construction, we think, is founded in misconception and is not maintainable.   It was the obvious intention to give the people an opportunity to elect this officer at the earliest practicable moment, without incurring the expense of a special election.   When applied to elections the terms 'regular' and 'general' have been used interchangeably and synonymously.   The word 'regular' is used in reference to the general election occurring throughout the state. It was employed by the draftsmen of this bill in contradistinction to the election which was held in St. Louis county specially for judges of the county court."

In sections 754 and 854 of the municipal corporation act of 1883 (Stats. 1883, pp. 251, 267) provision is found for filling vacancies in municipal offices.   It is declared that, "Any vacancy occurring in any of the offices provided for in this act shall be filled by appointment by the board of trustees: but, if such office

be elective, such appointee shall hold office only until the next regular election, at which time a person shall be elected to serve for the remainder of such unexpired term." If "regular election" is here to be construed as the election at which this class of officers is regularly chosen, then, in the cases of some officers contemplated by the charter, the regular election could only be at the end of the term, and the provision that a person shall be elected to serve for the remainder of the unexpired term would be meaningless. These instances are given, not as having any determinative force upon the question here presented, but in illustration of the fact that the phrase "regular election" has no fixed and inflexible meaning.

Coming to the consideration of the meaning of the phrase as employed in the consolidation act, it is apparent, we think, that the word "regular" as there used is an adjective synonymous with "general," and that it was not within the contemplation of the legislative mind that the appointee of the board of education should hold for the remainder of the unexpired term. If such had been the intent, it could readily have been expressed in brief and certain terms, but to give this language that meaning would be to deprive of all efficacy the final clause of the section, "when the office shall be filled by election of the people." We cannot accede to the construction which appellant puts upon this sentence: 1. Because so to do would be to say that the legislature used a most unhappy and cumbrous circumlocution to express an extremely simple idea; and 2. Because thus to construe the clause is to do direct violence to the proper and grammatical use of language. If it be said, as appellant contends, that the clause is only descriptive and the verb "shall be filled" is to be considered as importing mere futurity, the result is to attribute to the legislature, in a case which does not call for it, a faulty and ungrammatical use of the parts of English speech. The clause, grammatically construed, is mandatory in its nature, and is a declaration that when the next regular election arrives the office shall be, must be, filled by the people. But, such being its construction, it is without meaning if the phrase "regular election" is to be held to mean the election at which the office is regularly to be filled, for such an election can only come at or near the expiration of the term. "Regular election" as thus employed,

then, is synonymous with "general election."    Whether it be a general state election or a general municipal election it is unnecessary here to determine, since the election at which the relator was elected was both a general state election and a general municipal election.

The judgment appealed from is therefore affirmed.

Temple, J., and McFarland, J., concurred.