FRANK W. CHANLDER v. H. L. STARLING, C. F. SWEET, GEORGE T. McDONALD AND W. J. BROWNLEE, AS MEMBERS OF THE STATE BOARD OF DENTAL EXAMINERS OF THE STATE OF NORTH DAKOTA, AND H. L. STARLING, AS SECRETARY OF SAID STATE BOARD OF DENTAL EXAMINERS.

Opinion filed April 23, 1909.

**Mandamus — Parties — Trial of Title to Office — Prosecution in Name of State.**

1. In a mandamus proceeding for the purpose of compelling recognition of his rights brought by one having a prima facie title to an office by virtue of a certificate in due form issued by the appointive power, it is not necessary that the action should be prosecuted in the name of the state, as plaintiff has a special interest therein within the meaning of section 7808, Rev. Codes 1905.

**Same — Parties Defendant — Prior Official Incumbent.**

2. In such a proceeding the prior incumbent of the office is not a necessary party defendant.

**Same — Mandamus to Compel Recognition by Members of Board — Title to Office.**

3. Mandamus is a proper remedy, under the facts set forth in the alternative writ, to compel defendants, who are members of the State Board of Dental Examiners, to recognize plaintiff's prima facie right, as an appointee, to fill an alleged vacancy on such board, to sit thereon, and to participate in the transactions of its business.

**Same.**

4. In such a proceeding the ultimate right and title to the office cannot be litigated, but plaintiff's prima facie right and title thereto is conclusive, except as to a de facto officer.

**Same — Officers — Color of Title.**

5. The allegations in the alternative writ, which are not challenged by proper denials in the answer, show that a vacancy existed in the office at and prior to plaintiff's appointment, and hence that one R., who was a former incumbent of the office, was not a de facto officer, as he did not have even color of title thereto.

**Same — Pleading.**

6. The answer admits the facts, showing plaintiff's prima facie title to the office, and fails to properly deny any issuable fact alleged in the alternative writ, or to alleged facts sufficient to constitute a defense.

Appeal from District Court, Cass county; *Pollock, J.*

Mandamus by Frank W. Chandler against H. L. Starling and others, as members of the State Board of Dental Examiners and H. L. Starling, as secretary of the board. From an order sustaining a demurrer to defendant's answer and granting a peremptory writ, defendants appeal.

Affirmed.

*H. F. Miller,* for appellants.

The action should have been begun in the name of the State of North Dakota, ex rel. Frank W. Chandler.

State, ex rel. Dakota Hail Ins. Co. v. Cary, 2 N. D. 36, 49 N. W. 164; 13 Enc. Pl & Pr. 656; 2 Am. & Eng. Ann. Cases, 551.

The governor had no authority to appoint the relator.

Rev. Codes 1905, section 86, paragraphs 2 and 3; State ex rel. Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025.

Mandamus will not issue against an incumbent in the exercise of the official function, de facto, under color of title. 26 Cyc. 255, section 7; McCrary on Elections (3d Ed.) section 218; State ex rel. Jones v. Oates, 57 N. W. 297, 19 Am. & Eng. Enc. Law, 769, and note.

*Bangs, Cooley & Hamilton,* for respondent.

Action should not be entitled in the name of the state on relation of relator.

Smith v. Lawrence, 2 S. D. 185, 49 N. W. 7; Howard v. City of Huron, 5 S. D. 539, 59 N. W. 833.

The appointment by the governor adjudicated that a vacancy existed. Conklin v. Cunningham, 38 Pac. 170, 173; Werner v. Smith, 9 Pac. 293, 297; Eldolt v. Territory, 61 Pac. 105, 107; Thompson v. Holt, 52 Ala. 491; Ewing v. Turner, 35 Pac. 951; Cameron v. Parker, 38 Pac. 14; Chambers v. Stringer, 62 Ala. 596; State v. Kipp, 74 N. W. 440; Driscoll v. Jones, 44 N. W. 726; Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025.

A resignation tendered to a wrong authority and accepted by a right one cannot be withdrawn.

State v. Augustine, 20 S. W. 651; Pariseau v. Board, 55 N. W. 799.

FISK, J. This is a special proceeding by mandamus brought in the district court of Cass county to compel defendants, who are the members of the State Board of Dental Examiners, to recog-

nize plaintiff as a member of such board, and to permit him to act in such capacity. Plaintiff presented to the trial court an affidavit subscribed and sworn to by him, setting forth, in substance, that he possessed the necessary qualifications for holding such office, and the fact of his appointment thereto by the governor on December 22, 1906, to fill the vacancy caused by the removal from the state, as well as the resignation of one Ramsey, who was theretofore and on January 1, 1906, duly appointed as a member thereof, and also setting forth the issuance to plaintiff in due form of a certificate of his appointment aforesaid, and the fact that on January 8, 1907, he duly qualified as such member as required by law; also averring that at a regular meeting of such board held on January 9, 1907, at which defendants were present, he exhibited to said board, and to each of the defendants, his certificate of appointment aforesaid, and demanded of them that he be permitted to the use and enjoyment of his rights and office under such appointment, which were refused and denied him; further averring that defendants have at all times since refused to recognize plaintiff's right to sit as a member of such board and to exercise his rights under such apointment; and also alleging that he has no plain, speedy or adequate remedy in the ordinary course of law. Thereupon an alternative writ was issued as prayed for, commanding defendants to recognize the plaintiff as a member of such board, or to show cause at a date fixed, why they should not be compelled to do so. Upon the return day defendant Starling, in behalf of himself and his co-defendants, filed an answer, the material portions of which are, in substance, as follows: That said Ramsey had not prior to said meeting in January, 1907, abandoned his residence in this state, and that he was during all the year 1906, and during the months of January and February, 1907, a bona fide resident of the state and an acting member of said board. By such answer it is admitted that plaintiff received from the governor a certificate of appointment as a member of said board, but it is alleged therein that at the date such certificate was delivered to plaintiff by the governor there was no vacancy on such board, and hence that such certificate of appointment was and is void, and never became operative. The answer admits that plaintiff presented to the board and the members thereof such certificate of appointment, and that the defendans, as members of such board, refused to recognize plaintiff as a member, and informed

him that they could not do so for the reason that no vacancy existed at the date of his appoinment or since then.    Attached to such answer and made a part thereof are the minutes of the meetings of the board held on January 8, 9 and 10, 1907, showing that Ramsey was present and participated in such meetings, also an affidavit subscribed and sworn to by said Ramsey tending to corroborate the foregoing allegations of the answer.    Plaintiff demurred to such answer on the ground that the same fails to state facts sufficient to constitute a defense.    The lower court sustained such demurrer, and, defendants having elected to stand upon their answer, an order was made directing the issuance of a peremptory writ of mandamus as prayed for by plaintiff, and it is from such order that this appeal is prosecuted.

Appellants rely for a reversal upon the following propositions:

(1)    That the action should have been begun in the name of the state ex rel. Frank W. Chandler, instead of merely in the individual name of such party.

(2)    That R. S. Ramsey should have been made a party defendant.

(3)    That under the facts alleged in the answer, and which are admitted by the demurrer, plaintiff's certificate of appointment to a membership on such board is not such evidence of his right to a seat thereon as will justify the order appealed from.

The first and second propositions merit by brief consideration. Conceding that the demurrer reaches back to the alternative writ as claimed, and enables defendants to avail themselves of any material defects appearing on the face thereof, we are agreed that neither of the objections urged are tenable.    Under Revised Codes 1905, section 7808, it was not necessary for plaintiff to sue in the name of the state, as he has a special interest in the proceeding. This section provides:    "When a special proceeding is prosecuted by one having a special interest in the proceeding, it shall not be necessary for the state to be joined as plaintiff therein, but the person prosecuting the same shall be known as the plaintiff and the adverse party as the defendant."    Anything said in State v. Carey, 2 N. D. 36, 49 N. W. 164, cited by appellant's counsel, is not in point, as the foregoing section was not in force at the date of the decision of that case.    It is equally clear that Ramsey is not a necessary party defendant.    This is not an action to determine or to try Ramsey's title to the office.    It is a special pro-

ceeding of a civil nature to compel defendants to recognize plaintiff's prima facie title and right to such office. The ultimate right thereto as between plaintiff and the said Ramsey is not, and cannot be, involved in this proceeding; hence the latter is neither a necessary nor a proper party defendant. In 13 Enc. Pl. & Pr. p 656, it is said: "All persons whose co-operation is necessary for the performance of the act sought to be enforced, and who will have a joint duty to perform in case the writ is granted, must be made respondents." Obviously Ramsey could have no joint duty to perform with the parties who are made defendants under the writ prayed for. The whole case necessarily proceeds upon the theory that plainiff, prima facie, is vested with the right to membership on said board, which right is ignored by defendants, and that, as a necessary conclusion, Ramsey's membership ceased prior to the date of plaintiff's appointment; hence the latter could have no statutory duty in the premises. Since the decisions in Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025, and State v. Archibald, 5 N. D. 359, 66 N. W. 234, the question as to what issue is triable in such a proceeding as this is foreclosed in this jurisdiction. In the former case it was held that in cases like this "nothing can be tried, except such questions as affect the prima facie title of the relator." In the latter case it was said: "That it is proper to try in mandamus proceedings, all questions relating to the prima facie title is not open to debate in this state since our decision in Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025. See, also, State v. Johnson, 30 Fla. 433, 11 South. 845, 18 L. R. A. 410; Conklin v. Cunningham, 7 N. M. 445, 38 Pac. 170; State v. Common Council of City of Duluth, 53 Minn. 238, 55 N. W. 118, 39 Am. St. Rep. 595. The defendant has been removed from the office, and he is not in a position to contest the right of the relator to hold the office. The state might hereafter in quo warranto proceedings try the question of relator's eligibility to the office, but a judgment of ouster against him would not show that the defendant in this proceeding had had any right to the office during the relator's incumbency."

In the Butler Case, Chief Justice Wallin, in answering the defendant's contention to the effect that the facts alleged in the answer and admitted to be true by the demurrer put in issue relator's title to the office, and consequently relator should go out of court in such proceeding, and be required to resort to quo war-

ranto to establish his claim of title, said: "But the fallacy of this proposition is apparent for two reasons: First, as we have seen, the defendant, a private suitor, has no status which entitled him to become the champion of the state, and consequently, when he seeks to appear in that capacity, he is confronted by the rule which requires that in such a case the public must be represented by the proper official. Second. * * * Whether the fact plead-ed in the answer * * * constitutes a bar to holding the office is a question of law presented by the demurrer. This question, and to determine which requires a trial, counsel insists should have been investigated by the trial court, and sufficiently determined at least to ascertain whether or not the question presented involved the title to the office, and, if it did, then counsel claims that the relator should under the rule be kept out of his office until the question so raised should be elsewhere tried and determined. In its final analysis counsel's position appears to be that where the answer in mandamus presents facts which go to the ultimate title, but do not touch relator's prima facie title, the relator must be denied the writ, and hence be kept out of office until another pro-ceeding has settled the question thus thrust upon the court by the private suitor. This reasoning leaves out of sight the rule that counsel admits to be the prevailing one, viz., that title to an office cannot be tried by mandamus. Despite this concession, how-ever, counsel vigorously contends that in this case—and, of course, all similar cases—the court must try and determine the question whether the facts set out in the answer do or do not involve the title. In our view this investigation is inhibited by the rule which forbids a trial of title by mandamus. Counsel's contention cer-tainly implies that a relator must go out of court if the title is put in question by the answer * * *." We see no reason to depart from the rule thus early established by this court, and under which it is plain that appellants can avail themselves in this proceeding only of the defense that respondent does not possess a prima facie title to the office. We therefore conclude that Ram-sey's rights, if any, are in no manner involved or affected in this proceeding, and hence he was not a necessary or proper party de-fendant.

This brings us to the merits of the case, which to some extent have already been touched on by the foregoing. At the threshold of appellant's contention upon the merits, it is asserted by his

counsel that the sole question is whether the governor's certificate
of appointment to a membership upon any of the state boards is
such evidence of the right to a seat thereon as will justify a court
in enforcing the same by mandamus regardless of the facts.
Counsel, in attempting to convince us that this question should be
answered in the negative, concedes that it is the statutory duty
of the governor to see that all offices are filled, and to make ap-
pointments to fill vacancies as required by section 86 of the Re-
vised Codes of 1905; but he contends, in effect, that the governor
in appointing plaintiff exceeded his statutory duty, and power,
because, as claimed by him, no vacancy in fact existed on such
board, as Ramsey was at the date of such appointment an incum-
bent of such office in the exercise of official functions de facto,
and under color of right, and he cites and relies upon Butler v.
Callahan, supra, in support of his contention that under such
facts the writ prayed for will not issue. This line of reasoning
begs the whole question. The fallacy in counsel's argument, as it
seems to us, lies in the unwarranted assumption that the facts
pleaded in the answer show that Ramsey's incumbency was "un-
der color of right." Such is not the fact as against plaintiff, who
holds a later certificate of appointment. There cannot well be two
persons having color of right to the same office at the same time.
One must give way to the other, and plaintiff, under the later cer-
tificate, has prima facie title and color of right to the office. The
answer admits such prima facie right in plaintiff, but alleges, as
did the answer in the Butler case, facts having a bearing merely
upon plaintiff's ultimate right to the office. That issue cannot be
tried in a mandamus case such as this, and hence the demurrer
to the answer was properly sustained. So far as this proceeding
is concerned, plaintiff's prima facie title and right to the office
must prevail as such title and right is in no manner challenged,
but, on the other hand, is admitted by the answer. Butler v. Cal-
lahan, supra. By the statute above cited the governor was not
only empowered, but it was his duty, to fill vacancies existing in
such office. He was therefore necessarily clothed with the power
of determining, in the first instance, the question whether or not
a vacancy in fact existed requiring the exercise of such appointive
power. His powers in this respect were analogous to those of a
canvassing board, and his decision, the evidence of which is the
certificate of appointment, is entitled to and will be given the

same prima facie weight as that of the certificate of a board of election canvassers. The argument of appellant's counsel that it could not have been the legislative intent "to grant such unusual and dangerous powers to the governor," does not appeal to us as sound. Such argument is predicated upon a false premise. If such grant of power to the chief executive of the state is dangerous, it is likewise dangerous to grant to a board of canvassers similar functions. Past experience demonstrates the fallacy of counsel's assumption. It is very seldom, if ever, that such power is abused, but, conceding that occasional abuses occur, the fact remains that such power must be vested somewhere, and it must be conceded that ordinarily it is no more liable to abuse in the hands of the governor than elsewhere. Furthermore, nothing but temporary injury can result through a mistaken or willful abuse of the power. If a person is wrongfully clothed by an appointment with the prima facie title and right to an office, the rightful claimant is but temporarily divested of his rights. He may cause proper proceedings to be instituted to enforce such rights.

By the foregoing we do not mean to hold that the certificate of appointment will in all cases entitle the appointee to invoke this remedy. It merely clothes such appointee with a prima facie right to the office, but such prima facie right will prevail in such a case as this, with the single exception that it will not lie where the office is in the possession of a de facto officer. It is, of course, well settled that mandamus will not lie against a de facto officer, either to compel him to deliver the office to plaintiff or to try a conflicting title thereto. Butler v. Callahan, supra; 19 Am. & Eng. Enc. Law (2d Ed.) 769; 26 Cyc. 257, and cases cited. As said by the Chief Justice in Butler v. Callahan: "It is quite true, however, and the doctrine is elementary, that the writ will not issue either to admit into office or to try a conflicting title thereto, where the incumbent is in the exercise of official functions de facto and under color of right." The controlling question, therefore, is whether the answer shows that at the date of plaintiff's appointment and at the time of the commencement of this action, Ramsey was a de facto member of such board. If so, the demurrer was improperly sustained, as such fact, if established, will defeat plaintiff's recovery in this action and hence is a proper defense. A de facto officer is well defined by the Supreme Court of Wisconsin in State ex rel. Jones v. Oates, 86

Wis. 634, 57 N. W. 296, 39 Am. St. Rep. 912. Winslow, J., speaking for the court, there said: "It is not material here to consider who may be a de facto officer as to third persons and the public in general. The question is: Who is a de facto officer, as against the person holding a certificate of election, who has duly qualified, as required by law? On this question the law is well settled. A de facto officer is one who is in possession of an office, and discharging its duties, under color of authority. McCrary, Elec. (3d Ed.) section 218; 2 Dill. Mun. Corp. section 892. By 'color of authority' is meant authority derived from an election or appointment, however irregular or informal; so that the incumbent be not a mere volunteer." It was there held that defendant, who was a mere hold over incumbent of the office, was in no proper sense a de facto officer as against the relator. See, also, State v. Archibald, supra, where it was held that Archibald, whom the board had removed, but who still remained in the actual incumbency of the office, claiming a right thereto, was not, as against the relator, Moore, even a de facto officer, but was "holding the office without so much as color of title." Tested by these rules does the answer state a defense? We are clear that it does not. When stripped of legal conclusions, we think it wholly fails to put in issue any of the allegations of the alternative writ to the effect and tending to show that a vacancy in such office existed at and prior to the date of defendant's appointment. It nowhere denies the facts alleged in the writ that Ramsey prior to May 1, 1906, ceased to practice dentistry in the state, since which date he has not been a practicing dentist therein, and that prior to the date of plaintiff's appointment the said Ramsey delivered to defendant Starling, as secretary of such board, his resignation in writing as a member thereof, and that such resignation was prior to plaintiff's appointment, accepted by the governor.

By section 314, Rev. Codes 1905, it is provided that "all vacancies in such board shall be filled by appointment by the governor," and "no person shall be eligible to appointment on such board who is not a practicing dentist in this state." Section 422, Rev. Codes 1905, provides: "Every office shall become vacant upon the happening of either of the following events: (3) His resignation. * * * (7) His ceasing to be a resident of the state. * * * (9) His ceasing to possess any of the qualification of office prescribed by law." It is manifestly true, therefore, that, even if

Ramsey did not cease to be a resident of the state prior to such appointment of plaintiff, still, according to the allegations of the writ which stand unchallenged, except by mere legal conclusions, there was a vacancy in such office on December 22, 1906, under the express provisions of the Code above quoted, and such prior incumbent long prior to such date ceased to have even color of title thereto, and for this reason he was not on such date or at any subsequent date a de facto officer.

Our conclusion is, therefore, that the answer wholly fails to put in issue the plaintiff's prima facie title or to properly allege any facts constituting a defense, and hence the demurrer was properly sustained. Among the many authorities in addition to those hereinbefore cited which lend support to our views are the following: Conklin v. Cunningham, 7 N. M. 445, 38 Pac. 170; Cameron v. Parker, 2 Okl. 277, 38 Pac. 14; Werner v. Smith, 4 Utah, 238, 9 Pac. 293; Eldodt v. Territory, 10 N. M. 141, 61 Pac. 105; Thompson v. Holt, 52 Ala. 491; State v. Kipp, 10 S. D. 495, 74 N. W. 440; Driscoll v. Jones, 1 S. D. 8, 44 N. W. 726; Stevens v. Carter, 27 Or. 553, 40 Pac. 1074, 31 L. R. A. 342; State v. Johnson, 35 Fla. 2, 16 South, 786, 31 L. R. A. 357; Cruse v. State, 52 Neb. 831, 73 N. W. 212; State v. Hyland, 75 Neb. 767, 107 N. W. 113; Supervisors v. O'Malley, 46 Wis. 35, 50 N. W. 521; State v. Kersten, 118 Wis. 287, 95 N. W. 120; State v. Grant, 14 Wyo. 41, 81 Pac. 795, 82 Pac. 2, 1 L. R. A. (N. S.) 588, 116 Am. St. Rep. 982.

The order appealed from is accordingly affirmed. All concur.
(121 N. W. 198.)