## STATE ex rel. ALEXANDER v. BIGGINS.

In the construction of a statute, the sole purpose should be to arrive at the intent of the lawmakers.

Where there is ambiguity or uncertainty in the meaning of a particular section of a statute, other sections of the same statute may be looked at for aid in interpretation.

Laws 1907, c. 135, § 91, provides that whenever a vacancy occurs in any school district office under the supervision of a county superintendent he should fill such vacancy by appointment, the appointee to hold office until the next school election; and Pol. Code, § 1802, provides that every office shall become vacant on the incumbent's removal from the state. The treasurer of a school district, elected in June, 1909, for three years, removed from the state, and on June 17, 1911, the defendant was appointed to fill the vacancy, and following an annual school election on June 20, 1911, the plaintiff was elected by the voters of the district to fill the vacancy caused by the removal of the original incumbent. **Held,** that on plaintiff's election and qualification defendant's right to hold the office terminated.

(Opinion filed October 3, 1911.)

Appeal from Circuit Court, Gregory County. Hon. WILLIAM WILLIAMSON, Judge.

Action by the State of South Dakota, on the relation of C. J. Alexander, against J. M. Biggins. Judgment for defendant, and plaintiff appeals. Reversed, with directions.

*P. J. Donahue* and *W. J. Hooper,* for appellant.

WHITING, Judge. This action was brought to determine who was entitled to hold the office of treasurer of a certain school district in Gregory county. At the annual school election held in June, 1909, one C. was elected to such office for a term of three years. He afterwards left the state, and on June 17, 1911, the county superintendent of schools appointed defendant and respondent to fill the vacancy in such office. At the regular annual school election for the year 1911, held on June 20, the voters of such school district attempted, by their votes, to elect plaintiff

and appellant to fill the said vacancy caused by the removal of C. from the state. Appellant was declared duly elected, a certificate of election was issued to him, he duly qualified, and thereupon demanded the possession of said office and of the property belonging thereto. Such demand being refused, appellant brought mandamus proceedings to test his right to said office. Respondent filed a return to the alternative writ that was issued, and appellant demurred to such return. The trial court overruled the demurrer, and this appeal was taken.

The sole question presented by the record herein is whether or not appointments to fill a vacancy in the office of a member of a school board hold for the remainder of the original term of office, or only until the first annual school election thereafter. The answer to this question lies in the construction that should be placed upon section 91, c. 135, Laws of 1907, which reads as follows: "Whenever a vacancy may occur, from any cause, in any school district office under the supervision of the county superintendent, he shall fill such vacancy by appointment, and such officer shall hold such office until the next election, when the vacancy shall be filled by a vote of the people." From appellant's brief, we are led to infer that, respondent had taken the position that the cases of McGee v. Gardner, 3 S. D. 553, 54 N. W. 606, and In re Supreme Court Vacancy, 4 S. D. 532, 57 N. W. 495, supported his claim that his appointment held for the whole of the unexpired term of C.; but we think a most casual reading of the opinions in those cases will show that the facts therein were such that nothing said by the court in those opinions can aid us in the determination of the cause now before us.

[1, 2] In construing statutes, the sole purpose of a court should be to arrive at the intent of the lawmakers; what they had in mind when the law was passed. If there is any ambiguity or uncertainty in the meaning of the language used in a particular section, it is well to look at other sections of the same law, and see if they will not aid in the interpretation of the section to be construed. Section 90 of the same law reads: "Whenever a school district shall be formed, the county superintendent of schools

shall appoint temporary officers for such school district, who shall serve until the first annual school election following and until their successors are elected and qualified." It is very clear that when a new district is to be formed it was not intended that the superintendent should appoint its officers for any more than the most limited time possible, and still avoid the holding of a special election, and it is not probable that a greater power was intended to be given in case of a vacancy in a district already created.

[3] But do we need to look beyond section 91 to ascertain clearly the intent of the legislators? We think not. It is provided therein, "and such officer shall hold office until the next election, when the vacancy shall be filled by a vote of the people." What "vacancy"? The vacancy in the current term caused by the happening of either one of the events which, under section 1802 of the Rev. Pol. Code, creates a vacancy "before the expiration of the term of such office." To choose a person to fill an office after the expiration of the current term is not choosing him to fill a vacancy; and certainly it was not the intention of the lawmakers that, in such a case as the one at bar, the "vacancy" should be filled in June, 1912, when such "vacancy" will be terminated within three or four weeks by the qualifying of the party who shall, in June, 1912, be elected to fill the office for the succeeding term. People v. Babcock, 123 Cal. 307, 55 Pac. 1017; State v. Schroeder, 79 Neb. 759, 113 N. W. 193. Respondent's right to hold the office in question terminated as soon as appellant was elected and qualified, as then the vacancy had been "filled by a vote of the people."

The judgment of the trial court is reversed, and said court is directed to enter an order sustaining appellant's demurrer to respondent's return.