STATE ex rel. REARICK, Respondent, v. BOARD OF COMMISSIONERS OF LYMAN COUNTY et al., Appellants.

(145 N. W. 548.)

**1.  Mandamus—Remedy—Admission to Office—Election Certificate.**

While title to an office cannot be tried in mandamus, mandamus is the appropriate remedy to admit to an office one who holds a certificate of election valid on its face, and has qualified and furnished the prescribed bond, if the election was one authorized by law; and his right in such case cannot be defeated by facts putting his ultimate title in question.

**2.  Officers—Filling Vacancies—Policy of Law.**

It is the general policy of the law to fill vacancies in elective offices at an election as soon as practicable after the vacancy occurs.

**3.  County Commissioners—Offices—Elections—Filling Vacancies—Statute—When "The Vacancy Can be Filled."**

Pol. Code, Sec. 1814, concerning tenure of one appointed to fill vacancy in office of county commissioner, provides for appointments to continue until next general election "at which the vacancy can be filled" and until a successor is elected and qualified. Sec. 1813 provides that, if a vacancy occurs 30 days previous to an election at which it may be filled, no appointment shall be made unless necessary to carry out such election. Sec. 1905 requires certificates of nominations for election to be filed not less than 20 days before election day, and Sec. 1907 requires publication of certified nominations at least 15 days before the election. A county commissioner resigned on October 11, 1912, and an appointee to the vacancy qualified November 11, 1912, and relator filed a petition as candidate for the office at the general election to be held November 5, 1912, and was duly declared elected. **Held,** in mandamus against county board to compel recognition of relator's right to admission to office, that Sec. 1814 implied that some one should be elected to fill the office during the unexpired term, and not that the vacancy itself must be one

existing until the next general election; that, by the limitation "at which the vacancy can be filled" was intended that, where a vacancy occurred within 30 days preceding a general election at which it might be filled by a candidate regularly on the ballot, no appointment should be made, unless necessary to the holding of the election, so that relator was entitled to office as commissioner.

**4. Elections—Calling of—Filling Vacancy—Defects.**

Under such provisions, the fact that the election was not called or designated as an election to fill a vacancy, did not render it irregular or void.

**5. Mandamus—Election of County Commissioner—Admission of Office—Quo Warranto—Burden of Proof.**

Relator, having duly received a certificate of election to fill a vacancy in office of county commissioner, was entitled to mandamus against the board placing him in possession of the office, and could not be required to resort to quo warranto in the first instance. **Held,** further, that the burden of bringing quo warranto to dispossess the holder of a certificate of election to fill a vacancy in such office, rests upon him who challenges the holder's legal title to the office.

McCoy, J., dissenting.

(Opinion filed February 14, 1914.)

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Mandamus by the State of South Dakota, on the relation of David Rearick, against the Board of County Commissioners of Lyman County and others, to compel said board to admit relator to the office of county commissioner. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Frank C. Wederath,* and *Brown & Brown,* for Appellants.

Mandamus is not the proper remedy. Driscoll v. Jones, 1 S. D. 8 (at p. 12), 44 N. W. 726; People v. Olds, 3 Cal. 167; In re Gardner, 68 N. Y. 467.

An election in 1912 to fill the vacancy caused by the removal of Washburn from the county was not authorized by law. The appointment and qualification of Brooks made him the lawful commissioner until the first Monday in January, 1915, or "until the next general election at which the vacancy can be filled, and until a successor is elected and qualified." McGee v. Gardner, 3 S. D. 553.

*Bartine & Bartine,* and *J. W. Jackson,* for Respondent.

Mandamus is the proper remedy. State of New Jersey v. Mayor of Atlantic City et al. (N. J.), 8 L. R. A. 697.

Relator is not trying the title to the office. The *prima facie* right is the only issue before the court, and mandamus is the remedy. Driscoll v. Jones, 1 S. D. 8; Stevens v. Carter, 27 Oregon, 553, L. R. A. 342; State ex rel. Attorney General v. Johnson (Fla.), 18 L. R. A. 410; Supervisors of Town of La Point v. O'Malley (Wis.), 50 N. W. 521; Chandler v. Starling et al. (N. D.), 121 N. W. 198; Cruse v. State ex rel. Harpham (Nebr.), 73 N. W. 212; State ex rel. Jones v. Oates (Wis.), 57 N. W. 296; State of New Jersey v. Mayor of City of Atlantic et al. (N. J. L. R. A. 697).

The general election in November of 1912 was an election at which the vacancy in question could be filled. State ex rel. Alexander v. Biggins, 28 S. D. 41, 132 N. W. 677; State ex rel. Jackson v. Kerkow, 141 N. W. 377 (S. D.); State ex rel. Castle v. Schroeder, 113 N. W. 192 (Nebr.).

SMITH, P. J.   At the general election in November, 1910, one Washburn was elected county commissioner for one of the districts of Lyman county, and qualified and entered upon the duties of the office in January, 1911. The term of office was four years. On October 11, 1912, he resigned. One Brooks was appointed to fill the vacancy, on November 11, 1912, qualified, and was thereafter recognized by and acted with the other commissioners. In due season, relator Rearick filed a petition as candidate for the office of county commissioner for the same district, at the general election to be held November 5, 1912, pursuant to the provisions of section 1902, Pol. Code 1903. His nomination was certified by the county auditor, and notice thereof published in the official papers of Lyman county, in compliance with the requirements of section 1907, Pol. Code 1903. His name was placed on the official ballot, and also that of one Conley, his opponent, and the two names were generally voted upon as candidates throughout the district, at the general election held November 5, 1912. Relator received a majority of the votes cast, was declared elected by the canvassing board, and received the proper certificate of election. Thereafter, within the time required by law, he qual-

ified, and executed, presented, and filed in the register of 'deeds' office a valid and sufficient official bond. Relator thereupon requested the board of commissioners to approve his bond, and asked that he be recognized as a member of the board and permitted to assume his official duties. The then acting members of the board refused his request, and relator brought this proceeding in mandamus. The trial court granted a peremptory writ, and the board appeals. Demurrer to the writ was filed, and also to the return, but we deem it proper to dispose of the case on its merits, and shall not consider either.

[1] Appellant's first contention is that quo warranto is the proper proceeding in which to present the questions here involved, and not mandamus. It is settled law in this state that the title to an office cannot be tried in a mandamus proceeding. State ex rel. v. Kipp, 10 S. D. 495, 71 N. W. 440; Couch v. State, 169 Ind. 269, 82 N. E. 459, 124 Am. St. Rep. 221; Chandler v. Starling, 19 N. D. 144, 121 N. W. 198. It is equally well settled that mandamus is the appropriate remedy to admit to an office one who holds a certificate of election, valid on its face, and has qualified and furnished the prescribed official bond. Driscoll v. Jones, 1 S. D. 8, 44 N. W. 726; State ex rel. v. Kipp, supra; Cameron v. Parker, 2 Okl. 277, 38 Pac. 14; Chandler v. Starling, 19 N. D. 144, 121 N. W. 198; State ex rel. Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025; Note 98 Am. St. Rep. 886; Note 31 L. R. A. 343; Crowell v. Lambert, 10 Minn. 369 (Gil. 295); State ex rel. v. Sherwood, 15 Minn. 221 (Gil. 172) 2 Am. Rep. 116. When an election has been legally held, the result declared by the proper canvassing board, a certificate of election valid on its face issued by the proper persons, and the candidate has qualified and given the proper official bond, his right to the writ cannot be defeated by reason of the existence of facts putting his ultimate title to the office in question. State ex rel. Butler v. Callahan, supra. This conclusion, however, rests on the assumption that the election was one authorized by law. The question decisive of this appeal, therefore, is whether an election to fill the vacancy caused by Washburn's resignation could lawfully be held on November 5, 1912.

[2-3] The tenure of office of one appointed to fill a vacancy in the office of county commissioner is prescribed by section 1814,

Pol. Code, which says: "Appointments under the provisions of this article shall be * * * made to continue until the next general election at which the vacancy can be filled, and until a successor is elected and qualified. * * *" It is the general policy of the law to fill vacancies in elective offices at an election as soon as practicable after the vacancy occurs. State v. Schroeder, 79 Neb. 759, 113 N. W. 192. The statute declares it is a vacancy which is to be filled at the next general election—which clearly means nothing more or less than that some one shall be elected to fill the office during the unexpired term—not that the vacancy must be one existing or continuing until the next general election. State ex rel. v. Biggins, 28 S. D. 41, 132 N. W. 677; State ex rel. v. Kerkow, 141 N. W. 377. This is made clear by section 1813, which provides: "If a vacancy occurs thirty days previous to an election day at which it may be filled, no appointment shall be made unless it be necessary to carry out said election and the canvass of the same according to law; in that case an appointment may be made at any time previous to said election to hold until after said election or until his successor is elected and qualified."

The words "if a vacancy occurs thirty days previous to an election day at which it may be filled" are somewhat ambigious perhaps, but, when construed in connection with the other provisions of the statute, and in the light of the general policy of filling vacancies by election as soon as practicable, we are of opinion that the Legislature intended to declare that, when a vacancy occurs at any time within 30 days preceding a general election at which the vacancy can be filled by the election of a candidate whose name can be regularly placed on the ballot at such election, no appointment shall be made unless the filling of the office is necessary to the holding of the election. This, however, is merely incidental to a consideration of the queston whether relator's certificate of election entitles him to the writ of mandamus. Section 1905, Pol. Code, in force at the time this election was held, provided that certificates of nominations upon petition, other than by conventions, should be filed with the county auditor not less than 20 days before the day fixed for the election. Section 1907 required the county auditor to publish all nominations certified to him in the official newspaper of the county in at least two issues preceding the election, and to furnish such papers a certified list of nominations

at least 15 days before the election day. Such nominations were placed on the official ballot. All these requirements of the then existing statute might be, and in this case were, complied with by relator within 30 days preceding the general election held in November, 1912. Such provisions might also have been complied with had the vacancy occurred more than 30 days before the election. The material limitation is contained in the modifying words—"at which the vacancy can be filled." If the vacancy occurred within 30 days, but so near an election day that a candidate for the office could not lawfully be placed on the official ballot, the statute does not forbid an appointment. If the vacancy occurs within 30 days, but at a time early enough to permit the lawful naming of a candidate to be voted for at the election, the statute declares no appointment shall be made unless it is necessary to the holding of the election.

. The decisions in McGee v. Gardner, 3 S. D. 553, 54 N. W. 606, and In re Supreme Court Vacancy, 4 S. D. 532, 57 N. W. 495, have no application to the case before us. In the former case, it was held that the Legislature had failed to enact a law, as required by the Constitution, under which a judicial election could be held. In the latter case, it was held that, when the death of the incumbent of a judicial office occurred prior to the beginning of a new term for which he had been re-elected, a vacancy was created in the new term which might be filled by appointment, and that such appointee would hold during the full term, for the reason that the statute, enacted after the decision in the McGee case, provided that judicial elections should occur at six-year intervals, and therefore there was no election provided by law at which the vacancy could be filled at an earlier date. It may also be noted that, under the statute then in force, judicial elections were held in odd-numbered years, while general elections were held in even-numbered years. It was therefore plainly the legislative intent to provide separate elections for judicial offices, and not to fill vacancies in judicial office at a general election, which provided only for election of state officers, other than judical.

In the case before us, the vacancy, as clearly contemplated by the statute, is one which may be filled at a general election. The statute in no wise distinguishes the filling of any such vacancies according to the length of term—whether two or four years.

[4-5]   Appellant's further contention that, because the election was not called or designated as an election to fill a vacancy, the election should be held irregular or void we think is technical and without merit.   Alley v. Musick, 68 W. Va. 523, 70 S. E. 124, Ann. Cas. 1912B, 419.   Holding, as we do, that the vacancy in the office of county commissioner could lawfully be filled at the general election in 1912, and relator having received a certificate of election, signed by the proper officers, we must also hold, under the decision of this court in Driscoll v. Jones, supra, supported by an overwhelming weight of authority, that he is entitled to the writ of mandate placing him in possession of the office, and that he cannot be required to resort to quo warranto in the first instance.   In such case the burden of bringing quo warranto proceedings to dispossess the holder of the certificate of election must rest upon him who challenges the holder's legal title to the office.

We have considered other matters discussed by counsel, but think it unnecessary to refer to them further in this decision.   The judgment of the trial court is affirmed.

McCOY, J., dissenting.