THE STATE, EX REL. HENRY G. MECKLING, VS. HENRY C. JAYNES.

1. **Mandamus:** JUSTICE OF PEACE: PLEADING. Upon an application for a mandamus by a person who has duly received a certificate of election to the office of justice of the peace to compel the delivery to him by the late incumbent of said office of the dockets and papers appertaining thereto, the cause of action necessary and proper to be set out in such application consists solely in his having been canvassed in, declared elected, awarded a certificate of election, taken the oath, and given the bond required by law, and the respondent having refused or failed to deliver up to him such dockets, papers, etc., on demand.

2. ———: ———: ANSWER. To such application or relation nothing may be properly pleaded in answer which does not deny or put in issue some or all of the above facts.

ORIGINAL application for mandamus.

*T. D. Cobbey,* for relator.

*P. E. Winters* and *E. N. Kauffman,* for respondent.

COBB, J.

This case arises upon the application of H. G. Meckling, relator, for a peremptory mandamus against H. C. Jaynes, respondent, commanding him to turn over and deliver to the said relator all the books and papers pertaining and belonging to the office of the justice of the peace of the precinct of Wymore, Gage county.

The relator sets out in his relation, or petition, that on the 3d day of November, 1885, he was, and is, a resident of Wymore precinct, Gage county, and was on the day last above stated elected to the office of justice of the peace in and for said precinct; that at the general election held on said day, there were two justices of the peace to elect in

11

and for said precinct, and were four candidates therefor; that at the general election held in and for said precinct in the year 1883, H. C. Jaynes (respondent) and C. A. Burnham were elected justices of the peace in and for said precinct; that they each qualified and have since said date been the acting justices of the peace in said precinct; that at the election held in and for said precinct on the 3d day of November, 1885, of the said four candidates for said offices, said

C. A. Burnham received 204 votes,

The relator received 196 votes,

Jesse Cochran received 180 votes,

And the respondent received 161 votes,

according to the canvass of said votes by the county board, and that certificates of election were duly issued and delivered to the said C. A. Burnham and to the relator; that relator has made and executed his bond, which has been duly approved, and has taken the oath of office as provided by law, and that on the 7th day of January, 1886, the relator demanded of the said H. C. Jaynes, whom he was elected to succeed, all of the books and papers belonging and pertaining to said office, and that the same was refused, etc.

The respondent, by his answer, alleges that he is an elector of the city of Wymore, which is and has been since the 1st day of April, 1884, a city of the second class, formed under the general laws of the state; that at a general election held in and for said town of Wymore on the 3d day of November, 1883, the respondent and C. A. Burnham were duly elected justices of the peace, in and for said town of Wymore, to hold their respective offices for the term of two years and until their successors were duly elected and qualified; that each of the last above named persons, at the time of said election, was a legal and qualified elector and a resident of the said town of Wymore, and each of said persons accepted said office and qualified, and entered upon

the exercise and discharge of the duties of said offices; that at the general election of justices of the peace and other officers in said city held in accordance with the provisions of law (Nov. 3, 1885), said C. A. Burnham was re-elected to his office, and that the relator herein claims to have been a resident of said city, and to have been elected to said office of justice of the peace heretofore and now held by the respondent, but that said relator did not receive a plurality of the legal votes cast at said election, and was not elected to said office; yet the board of canvassers, the judges of election, issued a certificate of election to him, certifying that he was elected thereto. That the respondent contests the said alleged election of said H. G. Meckling, relator, to said office, upon the grounds as follows, to-wit, that the said H. G. Meckling was not, at the date of said election, a resident and qualified elector of said precinct, but on the contrary was at the date aforesaid living in Barnstown precinct; that of the 196 votes cast at said election, and counted for said relator, a large number, to-wit, 40 votes, were illegally printed, distributed, cast, and counted, contrary to chapter 43 of the Session Laws of 1883, entitled "An act to prevent fraud at elections and to provide punment therefor," Comp. Stat., ch. 26, sec. 115, in that the said ballots were headed and designated by the heading "Republican ticket," but contained printed thereon in place of the name of H. C. Jaynes, respondent, whose name is printed on the regular ballot having such heading, the name of H. G. Meckling, relator, whose name is not found on the regular ballot bearing such heading; that without the aid of said illegal votes, the said H. G. Meckling would not have a plurality of the total number of votes cast at said election for said office of justice of the peace, etc.

To this answer the relator filed a general demurrer, upon which the cause was submitted.

At the hearing, and upon a superficial discussion of the case in the consultation room, the writer was inclined to

think that to issue a mandamus on the case made, would be to enforce the perpetuation of a confessed fraud on the law; but upon more mature reflection, and an examination of cases cited by counsel and others, I am satisfied that it would involve no such absurdity.

A demurrer admits the truth of such facts as are properly pleaded in the pleading demurred to, and such only. The allegations of the said answer, that the relator was not at the date of said election a resident and qualified elector of the city of Wymore, that he was not at said election elected to the office of justice of the peace, and that of the 196 votes cast at said election and counted for said relator, a large number, to-wit, forty votes, were illegally printed, distributed, cast, and counted, contrary to the provisions of the statute therein referred to, and that without the aid of said illegal votes the said relator would not have a plurality of the total number of votes cast at said election, were none of them well pleaded in the said answer; nor did they or any of them constitute a defense to the relator's cause of action. The relator's cause of action consists solely in his having been canvassed in, declared elected, awarded a certificate of election, taken the oath, and given the bond required by law, and the respondent having refused or failed to deliver up to him the books, papers, and furniture of the office, on demand. It was quite unnecessary for him to have alleged any other facts than these in his relation, nor would the denial and disproving of any other facts by the respondent defeat the action. It is stated as the law, in a standard work on this branch of the law, as follows: "Upon the application for a mandamus, the court will not go behind the certificate of election and try the relator's actual title. It is, therefore, wholly immaterial whether the relator was eligible to the office in question, or whether he was duly elected thereto, since to try such issues would be to determine the title upon proceedings in mandamus, which the courts will never do." High on Ex. Leg. Rem., 74-5; and this is the law of the courts generally.

The remedy by contest or that by *quo warranto* are neither considered adequate, for the reason that they are both directed to the title to the office itself, and in the nature of things usually consume considerable time, while the purpose of this proceeding is only for the present.

A peremptory mandamus will therefore issue as prayed.

WRIT AWARDED.

THE other judges concur.