## C. W. CRUSE V. STATE OF NEBRASKA, EX REL. F. R. HARPHAM.

### FILED DECEMBER 9, 1897.    No. 7534.

1. **Mandamus:** TITLE TO OFFICE. While *mandamus* is not the appropriate remedy to determine the title to a public office, yet sufficient investigation may be made in such a proceeding to ascertain whether the relator has a *prima facie* title to the office in question.

2. ———: ———. Where a relator shows a *prima facie* title to a public office, he is entitled to the aid of *mandamus* to compel the delivery to him of the books, papers, and moneys belonging to such office by a former incumbent, who has no color of title to the office.

ERROR from the district court of Adams county. Tried below before BEALL, J.  *Affirmed.*

*C. H. Tanner,* for plaintiff in error.

*W. P. McCreary, contra.*

NORVAL, J.

This cause originated in the district court of Adams county. It was an application by the state on the relation of F. R. Harpham for a peremptory *mandamus* to compel the respondent to turn over to him all the books, papers, and moneys in possession of respondent pertaining to the office of treasurer of school district No. 69 of Adams county. Upon the hearing, a peremptory writ was granted as prayed.

It appears that the respondent, on and prior to November 7, 1893, was the acting treasurer of said school district, and on said date, at a meeting of the school board of said district, his official bond was found and declared insufficient, and in pursuance of the provisions of section 8, subdivision 4, chapter 79, Compiled Statutes, respondent was required to give additional security or a new bond within ten days. He having failed and neglected to comply with said request, the director and

moderator of said district, on November 18, 1893, under
the authority of said section 8, declared vacant the office
of treasurer of said school district, and called a district
meeting to be held on December 1, 1893, to choose a suc-
cessor, at which time the voters of said district elected
relator as treasurer, who qualified and filed his bond as
required by law, and ever since has been discharging the
duties of his office. Respondent, although requested so
to do, has refused to deliver to relator the books, papers,
and moneys belonging to the office.

The sole question is whether *mandamus* is the appro-
priate remedy. Respondent insists that it is not until
the relator has first established his right to the office by
a proper action. Unquestionably the title to a public
office cannot be adjudicated on an application for *man-
damus*. However, in such a proceeding, sufficient inves-
tigation may be made to ascertain whether relator has a
*prima facie* title to the office. (*State v. Plambeck*, 36 Neb.,
401; *McMillin v. Richards*, 45 Neb., 786.) The purpose of
this proceeding was not to have judicially determined
the title to the office of treasurer of said school district,
nor was the title to the office adjudicated. The evidence
adduced discloses that relator has a *prima facie* right to
the office by having been elected at a district meeting
duly called for that purpose under and in pursuance of
section 8, subdivision 4, chapter 79, Compiled Statutes,
and qualified as such officer according to law. Respond-
ent recognized the validity of said election by partici-
pating therein, he having been a candidate against re-
lator for the office of treasurer. Obviously he hath not
color of title to said office, and *mandamus* is the proper
remedy to compel him to surrender possession of the
books, papers, insignia, and moneys belonging to the
office to the person who holds the *prima facie* title to the
office. (*State v. Archibald*, 66 N. W. Rep. [N. Dak.], 234;
*State v. May*, 17 S. W. Rep. [Mo.], 660; *State v. Johnson*,
11 So. Rep. [Fla.], 845; *Huffman v. Mills*, 18 Pac. Rep.
[Kan.], 516; *Cameron v. Parker*, 38 Pac. Rep. [Okl.], 14;

*Ewing v. Turner*, 35 Pac. Rep. [Okl.], 951.)   The judgment is

AFFIRMED.