STATE, EX REL. CHARLES S. CONEY, RELATOR, V. WILLIAM H. HYLAND, RESPONDENT.

FILED FEBRUARY 22, 1906.   No. 14,596.

1. **Mandamus: TITLE TO OFFICE.** The title to a public office will not be tried in a mandamus proceeding.

2. **Mandamus** will lie to compel an officer whose term has expired to deliver to the person elected to succeed him, who holds the certificate of election and has duly qualified by taking the oath of office and by the filing and approval of his bond, the books, papers, money and other property belonging to the office. Such a *prima facie* right to the office is sufficient ground for the issuance of the writ, even when it is claimed the relator was not eligible to the office at the time of the election.

ORIGINAL application for a writ of mandamus to compel respondent to deliver to relator the records, etc., of the office of county superintendent of schools. *Writ allowed.*

*W. W. Young,* for relator.

*M. F. Harrington* and *T. J. Doyle, contra.*

LETTON, J.

This is an original application in this court for a writ of mandamus to compel William H. Hyland, the retiring officer, to deliver to the relator, Charles S. Coney, who, it is alleged, is the duly elected and qualified superintendent of public instruction for Stanton county for the term of two years beginning January 4, 1906, and is now occupying and performing the duties of said office, all books, papers,

records, money and other property belonging to said office, and to vacate and surrender to the relator a certain room in the court house in Stanton, set apart by the county commissioners as the office room of the county superintendent. The respondent admits that the relator received a plurality of the votes cast for said office at the November, 1905, election, received the certificate of election, took the oath of office and gave a bond which was approved, but alleges that prior to the approval the county board had approved a bond given by this respondent, who was holding over his term as county superintendent. He avers that no person was elected to this office at the election held in November, 1905; that the relator was not qualified to hold the said office; and was not eligible thereto, for the reason that at that time he did not hold a first grade county teacher's certificate, and that the respondent, since the 4th day of January, 1906, has been holding over his term, and has duly requalified by taking the oath of office and by giving a new bond; that the question involved in this case is of title to the office of county superintendent, which cannot be determined in this form of action. Upon these issues and the evidence,' this cause was submitted to the court.

It appears that the relator received a majority of the votes cast at the November, 1905, election for the office of county superintendent of Stanton county, and that he qualified for said office by taking the oath of office and filing his bond, which was properly approved; that he holds the certificate of election; that he has been recognized as such officer by the state superintendent of public instruction, and that he is now exercising the duties of the office. It is claimed that on election day he did not hold a first grade teacher's certificate, though he has since received one, which has been made to appear as of that date, and it is upon these alleged facts that the respondent bases his right to hold over and retain possession of the property belonging to the office.

The questions presented with reference to the eligibility

of the relator to hold the office at the time of his election, we deem unnecessary to consider or pass upon at this time, since mandamus is not the proper proceeding in which to try the title to office.

Under the facts the relator is *prima facie* the county superintendent, and is therefore entitled to the books, papers and other property belonging to the office and necessary for its proper administration. When the relator presented himself to the retiring officer, armed with the proper certificate of election, and duly qualified by the filing of his oath and the approval of his bond, it was the respondent's duty to deliver to him the property appertaining to the office. The question of whether or not the relator was eligible to the office may properly be tried by *quo warranto* proceedings, and this remedy is open to the respondent. This is not an open question in this state. *State v. Jaynes,* 19 Neb. 161; *State v. Meeker,* 19 Neb. 444; *Cruse v. State,* 52 Neb. 831.

The two principles controlling this and like cases have been clearly set forth by the supreme court of Oklahoma as follows: "As to the writ of mandamus, then, we have two settled rules as to public offices and the effects and belongings thereto: the one that mandamus will not lie to try the title to a public office, and the other, that it will lie to compel the predecessor to deliver to his successor the books, papers, records, moneys, insignia, and paraphernalia thereof when the relator shows an absolute *prima facie* title. No court or lawyer of today would for a moment controvert those two well settled rules of modern jurisprudence." *Ewing v. Turner,* 2 Okla. 94, 35 Pac. 951. High, Extraordinary Legal Remedies (3d ed.), sec. 74; *People v. Head,* 25 Ill. 325; *Crowell v. Lambert,* 10 Minn. 295; *People v. Kilduff,* 15 Ill. 492, *Warner v. Myers,* 4 Ore. 72; *State v. Archibald,* 5 N. Dak. 359, 66 N. W. 234; *State v. Johnson,* 30 Fla. 433, 11 So. 845.

A peremptory writ of mandamus is allowed as prayed for.

WRIT ALLOWED.