STATE, EX REL. WILFRED E. VOSS, RELATOR, v. MARY V. QUINN, RESPONDENT.

FILED MAY 5, 1910. No. 16,536.

1. **Mandamus**: TITLE TO OFFICE. Title to an office will not be tried in a mandamus proceeding. *State v. Hyland*, 75 Neb. 767.

2. **Mandamus** will lie to compel an officer whose term has expired to deliver to his successor, who holds the certificate of election and has duly qualified by taking the oath of office and by filing his official bond which has been duly approved, the books, papers, money and other property belonging to said office, and possession of the room set apart in the court house for the use of such officer. Such a *prima facie* right to the office will support the writ, although the respondent alleges the relator was not eligible to the office at the time of the election. *State v. Hyland*, 75 Neb. 767.

3. **Courts**: JURISDICTION. The advice of the state superintendent of public instruction contrary to the principles of law announced by this court in a litigated case will not vest a litigant in another and similar case with any right, or oust this court of jurisdiction to hear and determine mandamus proceedings to compel a person who has been holding the office of county superintendent of public instruction, but whose term of office has expired, to deliver to her successor in office the property pertaining thereto, and the

possession of the room provided by the county for the use of that officer.

ORIGINAL application for a writ of mandamus to require respondent to deliver to relator the records, etc., of the office of county superintendent of public instruction of Dakota county. *Writ allowed.*

*Robert E. Evans,* for relator.

*John V. Pearson, contra.*

ROOT, J.

This is an original application for a writ of mandamus to compel the respondent to deliver to the relator all of the books, papers, records, moneys and other property belonging to the office of county superintendent of public instruction of Dakota county, and to forthwith vacate the room in the court house of said county set apart for the use of the county superintendent, and deliver possession thereof to the relator.

In November, 1909, the relator was elected county superintendent of Dakota county, and the canvassing board issued to him a certificate of election. He thereupon took the oath of office, and executed a lawful bond which was duly approved. Relator then demanded possession of the aforesaid room and property. The respondent refused to comply with the demand, and alleges in justification of her conduct that the relator at the time he was elected, in 1909, did not hold a teacher's first grade certificate. It appears that the relator held such a certificate in 1909, but the certificate expired October 20. Prior thereto he took a teacher's examination before the county superintendent of Thurston county, and completed the examination October 16. As provided by law, the questions propounded to him and his answers thereto were transmitted to the state superintendent of public instruction. November 6, four days after the day of election, the state superintendent certified to the county superin-

tendent of Thurston county the result and grades of said examination, and November 25 said county superintendent issued to relator a teacher's first grade certificate. The respondent has qualified as a hold-over officer, and is recognized by the state superintendent as the incumbent of said office. The last named fact is the only one to differentiate the instant case from *State v. Hyland*, 75 Neb. 767, wherein we issued a writ of mandamus to compel the respondent to deliver to the relator the property pertaining to the office of county superintendent of Stanton county. The respondent's counsel contends that the advice of the state superintendent should control the judgment of this court, and refers to section 11678, Ann. St. 1909, which provides with reference to said officer: "He shall decide disputed points in school law, and all such decisions shall be held to have the force of law till reversed by the courts." The decision of the state superintendent cannot overrule the law as determined by this court in *State v. Hyland, supra*. There is no disputed point of school law for the state superintendent to settle, and his advice and decision in no manner justify the respondent in refusing to recognize the certificate of election held by the relator.

Counsel further argues that by the terms of the statute the relator was ineligible to hold said office or to be elected thereto November 2, 1909, and therefore there was no election of a county superintendent in Dakota county in said year. That question we shall not determine in this action. The certificate of election and the oath and bond conform to law; the relator's *prima facie* title to said office is thereby established, and he is entitled to the possession of the books, money, and other property relating to said office. *State v. Jaynes*, 19 Neb. 161; *Cruse v. State*, 52 Neb. 831; *State v. Hyland*, 75 Neb. 767; *Ewing v. Turner*, 2 Okla. 94.

Counsel for the respondent suggests that in *State v. Quible, ante*, p. 417, we considered and determined the eligibility of the relator to hold office, and that we ought

to decide that question in the case at bar. In the cited case the litigants jointly requested us to determine the relator's eligibility, whereas in the instant case the relator protests against our assuming jurisdiction of and passing upon that defense to his application for a writ. Under the circumstances we shall adhere to the law as announced in *State v. Hyland, supra.*

The respondent suggests that, inasmuch as she has qualified as a hold-over county superintendent, we cannot issue the writ without in effect passing upon her title to said office, and this we ought not to do in this action, unless we consider and determine the relator's eligibility to hold said office. The respondent misapprehends her status. The relator is holding the office of county superintendent of Dakota county, and the purpose of this action is to require the respondent to deliver to that occupant the room and chattels pertaining thereto. A compliance with our judgment in the instant case will in no manner prejudice the right of respondent to maintain an action in *quo warranto* to determine the question of title to said office should she desire to do so.

A peremptory writ of mandamus is allowed as prayed for.

WRIT ALLOWED.