Luis E. García, Petitioner and Appellant, *v.* Rafael de J. Cordero, Manager of the State Insurance Fund, and Alfonso Alfonzo, Respondents and Appellees.

No. 8618. Argued April 13, 1943.—Decided July 7, 1943.

*Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellant. *M. Rodríguez Ramos, Acting Attorney General,* and *R. García Cintrón, Assistant Attorney General,* for appellee State Insurance Fund.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Luis E. García filed a petition in the District Court of San Juan praying for a writ of mandamus commanding Rafael J. Cordero, Manager of the State Insular Fund, to reinstate petitioner and permit him to discharge his functions as Chief

of the Insurance Division of the said Fund, and to order the issuance of the corresponding payrolls for the salary that the petitioner has not received from November 12, 1941, the date on which the petitioner alleges he was discharged from his office by the defendant without prior charges, without having been heard in his own defense, and without previous investigation by the Civil Service Commission, all in violation of the rights which he alleges are granted to him by the present Civil Service Law. The lower court entered judgment dismissing the petition for mandamus.

Feeling aggrieved by the said judgment, the petitioner appealed. He contends that the district court erred in admitting, over the objection of the petitioner, testimony in order to determine if the *prima facie* title which the employee clearly held in the Civil Service Commission, as a permanent employee in the Classified Civil Service, was valid; in considering whether on the basis of the order of the Civil Service Commission of Puerto Rico issued on February 26, 1932 the petitioner was engaged in the functions of Chief of the Insurance Division of the State Fund with a permanent character and as an employee in the Classified Civil Service; in interpreting the case of *Matos* v. *Veve, Marshal,* 46 P.R.R. 344, and the application of the same to the instant case; in permitting the defendant to attack collaterally the actions of the Civil Service Commission; and in concluding that the said Commission erred in declaring the petitioner was a permanent employee in the Classified Civil Service in his post of Chief of the Insurance Division of the State Insurance Fund.

██ In order to sustain his first assignment of error the appellant cites the monograph appearing under the title "Right to Attack Prima Facie Title of Relator in Mandamus to Obtain Office," found in L.R.A. 1915 A, p. 832 *et seq.* The general rule set forth there is as follows:

"The general rule established by the great weight of authority is that mandamus will lie in favor of one having a prima facie title to office. The corollary of this rule, that a prima facie title cannot

in such proceedings be defeated by evidence tending only to show that relator's title will be ultimately defeated, has equally cogent support.''

For this rule to be applicable, it is necessary to show that the plaintiff has a clear *prima facie right* or title. Consequently, in the majority of the cases cited in that monograph, it appears that the petitioner was elected for a public job and his right to hold the same was based on the certificate of election which *prima facie* recognized the said right. However, other cases are cited in the said monograph which hold that it is proper to investigate in a proceeding of this nature whether or not the petitioner has a clear *prima facie* title. *Cruse* v. *State ex rel. Harpham,* 52 Neb. 831, 73 N. W. 212; *State ex rel. Moore* v. *Archibald,* 5 N. D. 359, 66 N. W. 234; *State ex rel. Ayers* v. *Kipp,* 10 S. D. 495, 74 N. W. 440; *State ex rel. Clarke* v. *Board of Health,* 49 N.J.L. 349, 8 Atl. 509. So that, even assuming that the general rule is applicable to the instant case, it is first necessary to determine if the petitioner proved he had a clear *prima facie* title. What testimony did the petitioner present to this effect? We proceed to examine the same.

██ Exhibit 1 of the petitioner is a copy of a document sent by the former Manager of the State Fund, Ramón Montaner, to the Auditor of Puerto Rico notifying him that the appellant had been appointed on July 1, 1935, Chief of the Insurance Division of the State Fund, and that, according to a communication from the Civil Service, the said employee had permanent status from February 12, 1935. Exhibit 2 is an order, dated January 16, 1936, by the Civil Service Commission granting the status of permanent employee to the appellant from February 12, 1935. Exhibit 3 is the form called ''Details of Classification,'' which is the document filled out by employees of the Insular Government for the purposes of the classification held by them.

Was this evidence sufficient in order to establish in favor

of the petitioner a *prima facie* title to the office? To answer this question, we must examine the second, third, and fourth errors.

From Exhibits 1 and 2, *supra,* it appears that the appellant acquired permanent status from February 12, 1935, by virtue of an order of the Civil Service Commision of January 16, 1936, and that said status was granted by virtue of a petition for reemployment made by the appellant to the said Commission, after he had been separated from the post of Inspector of Accounts of the Bureau of Insular Telegraph on February 12, 1935.

The basis on which the Civil Service Commission granted the appellant permanent status in the Classified Civil Service does not appear from these exhibits.

. Could the lower court examine the grounds on which the said status was conferred on him? We are of the opinion that it could, since the order of the Commission was not in itself sufficient in order to show the ground which the Commission had in order to grant the said permanent status. We base this conclusion on Act No. 88, approved May 11, 1931, entitled "An Act to create the Puerto Rico Civil Service Commission, etc.," which provides in §§19 and 22 the only manner (*Sárraga* v. *Treasurer of P. R. et al.,* 56 P.R.R. 855, 864) in which a person can enter the Classified Civil Service, that is, by passing a competitive examination, which gives a person the right to be named to a position in the Classified Civil Service. And once appointed, one cannot be separated from his position, pursuant to §28, except for just cause and pursuant to formulation of charges with an opportunity to be heard in defense. This being the only manner in which the appellant could have entered the Clasified Civil Service, it was wholly appropriate, in order to determine if he had a *prima facie* right to hold the office from which he was separated, that the lower court determine if he had complied with the requirements provided by law. Consequently, the district court did not err in permitting the petitioner to be questioned

as to whether at any time he had passed the said competitive examination. The petitioner testified that he had not passed it (Rec., p. 46). That the order of the Commissioner was not sufficient to give the appellant a *prima facie* title is apparent if we bear in mind that the Commission is an administrative agency which has only those powers expressly conferred on it by law. *Domenech, Treas.* v. *District Court,* 48 P.R.R. 527, 535. This being so, any order which the Commission enters which is not in conformity with the provisions of the law creating it must be null and void as having been entered without jurisdiction.

Even in the case of judgments entered by courts of record, which in accordance with §464 of our Code of Civil Procedure are presumed to have been entered with jurisdiction, the rule is that, generally, if the lack of jurisdiction of the court to enter it is shown, this constitutes sufficient cause for it to be attacked collaterally. *Lókpez* v. *Fernández,* 61 P.R.R. 503; Restatement, Judgments, §8. So that, even assuming that the examination of the *prima facie* title of the appellant could in this case be considered as a collateral attack on the order of the Civil Service Commission, the said attack would be justified as analogous to the rule we have just cited.

The petitioner did not allege or prove any other ground on which to base his alleged right to be included in the Classified Civil Service except that found in exhibit 2. However, the appellees alleged and proved that the right claimed by the appellant is based on an order of the Civil Service Commission of February 26, 1932, through which there was granted, by virtue of an opinion rendered by the Attorney General of Puerto Rico, permanent status in the Classified Civil Service to all those employees who were holding their positions on a temporary basis when the Civil Service Law went into effect (defendants' Exhibit B). However, this court held in the case of *Matos* v. *Veve, Marshal, supra,* that a person who held a temporary position in the Classified Service did not, when the Civil Service Law went into effect, become a

part of the Classified Civil Service by virtue of §6 of the said law which provides that "Any person holding an office or place in the classified service . . . at the time this Act takes effect . . . shall continue to hold such office or place until discontinued or removed under the provisions of this Act," and that, therefore, the requirements found in §28 of the law with reference to just cause, the formulation of charges and hearing thereof, are not applicable to a temporary employee after four months have expired from the time he was appointed in accordance with §4 of the Act.

In the instant case it was proved that the petitioner was a temporary employee when the Civil Service Act went into effect, and that therefore he did not become a part of the Classified Civil Service, notwithstanding the order of the Commission, since that order was without legal effect after the decision of the *Matos* case, *supra*.

██ The petitioner contends, however, that §6 of the said Act "can never be subject to interpretation in the present case," as was done in *Matos* v. *Veve, supra,* "because the provisions of that Section refer only to the right of the employee to the specific post he held when the law went into effect." That "on August 10, 1931, the petitioner did not hold the job he holds today either permanently or temporarily. That to make the contention which the defendant makes here is equivalent to the contention that an employee who was holding a temporary position in 1931 which was made permanent by virtue of the order of February 19, 1932, was prevented from holding in the future another permanent position in the Classified Civil Service." The appellant is mistaken.

Such an employee is not prevented from holding in the future another permanent position in the Classified Civil Service; he could enter the said Service provided he did so in accordance with the provisions of law, that is, by virtue of passing a competitive examination.

So that, although the appellant implicitly denies that the right he claims is based on the order of February 26, 1932,

of the Commission, nevertheless he does not tell us on what basis he was included in the Classified Civil Service, confining himself to arguing that "it is appropriate to conclude that when the Civil Service Commission acted in this manner it did so because the provisions of law creating this governmental agency had been followed." It is true that §464 of our Code of Civil Procedure provides that there is a presumption that "a person acting in a public office was regularly elected or appointed to it," and that "the law has been obeyed." But these are rebuttable presumptions. And in our judgment they were refuted when the petitioner himself testified that he never had passed the competitive examinations required by law in order to include an employee within the Classified Civil Service. This being so, he could be discharged without the prior formulation of charges.

The appellant obtains no aid from the fact that the position from which he was separated is one of those included within the Classified Civil Service, inasmuch as this court held in *Sárraga* v. *Treasurer of P. R. et al., supra,* that the fact that a person holds such a post does not imply that he thereby enters the Classified Civil Service.

The judgment of the district court will be affirmed.

Mr. Chief Justice Del Toro did not participate herein.